B. J. BENEFIELD V. MARION COUNTY ET AL.

Decided May 16, 1906.

**County Treasurer—Commissions.**

B. being county treasurer, the county endeavored to issue bonds to pay off a judgment against it, but on account of such judgment the approval and registry of the bonds was refused by the State officers. The county then procured a bank to buy and cancel the judgment. B. was succeeded in the office by E., after which the bonds were issued and sold and the bank paid out of the proceeds. Held (1), that the facts supported a finding that the transaction constituted a purchase of the judgment by the bank, and not a loan by it to the county, and that B. was not entitled to commission on the sum paid, as on money received and paid out by him as treasurer. (2) The county not appealing from so much of the judgment as allowed a recovery of the commissions by E., B., as appellant could not complain of the judgment on the ground that E.'s claim had not been first presented to the Commissioners' Court.

Appeal from the District Court of Marion County. Tried below before Hon. P. A. Turner.

*J. H. Benefield* and *W. T. Armistead.* for appellant.—Appellant was entitled to commissions as treasurer on the amount paid to secure cancellation of the judgment. Presidio County v. Walker, 5 Texas Ct. Rep., 502.

The judgment of Erambert against the county was erroneous because his claim had not been submitted to the Commissioners' Court. Rev. Stats., art. 790; Leach v. Wilson County, 62 Texas, 331; Norwood v. Gonzales County, 79 Texas, 222.

*R. R. Taylor,* for appellees.—The county treasurer is only entitled to commissions on money received and paid out by him. Rev. Stats., art. 2467; Wharton County v. Ahlday, 84 Texas, 12; Baylor County v. Taylor, 3 Texas Civ. App., 523.

KEY, ASSOCIATE JUSTICE.—B. J. Benefield was county treasures of Marion County from 1898 until December 5, 1904, when he was succeeded by W. H. Erambert, Sr., who now holds the office. In June, 1904, Gustavus Remak, Jr., was the owner of a valid judgment against Marion County for $26,000. The county made a contract with Remak by which he agreed to accept $13,315 in satisfaction of his judgment. In order to raise funds with which to pay that and other debts, the County Commissioners' Court undertook to issue and sell bonds to the extent of $26,000. In order to accomplish that result, it was necessary to get the bonds approved by the Attorney General of the State and registered by the Secretary of State. Such approval and registration were refused on account of the Remak judgment; and, in order to remove that obstacle, a contract was entered into with the Rogers National Bank by which the bank paid Remak $13,315, and he transferred his judgment to the bank. This occurred on June 2, 1904, and on June 30, 1904, the bank executed a receipt to the county for $13,315, and also executed a formal cancellation of the Remak judgment. After this was done the bonds were approved by the Attorney General, registered by the Secretary

of State and delivered by the county to the bank; and in April, 1905, they were sold by the bank and the Commissioners' Court for $20,800. The bank retained $13,315 and paid the residue of the $20,800 to Erambert, the county treasurer.

Thereafter a dispute arose between Erambert and his predecessor Benefield as to which was entitled to the commissions allowed by law to the county treasurer for receiving and disbursing the $13,315; and the Commissioners' Court refused to pay the sum to either claimant. Thereupon Benefield, the former treasurer, brought this suit against the county and Erambert, the present treasurer.

Erambert answered denying the plaintiff's right to recover, and by cross action asking for judgment against the county for $330.37, the amount of the commission in controversy.

There was a non-jury trial resulting in a judgment for the defendant Erambert against the county for the commissions in dispute, and the plaintiff Benefield has appealed.

If the transaction between the county, Remak and the bank constituted a loan of $13,315 from the bank to the county, appellant, who was then county treasurer, is entitled to the commissions in controversy; but if the transaction was not in fact a loan, and the bank purchased and became the absolute owner of the Remak judgment, and paid Remak the $13,315, not as a loan to the county, but as a consideration for the sale of the judgment, then appellee Erambert is entitled to the commissions. If the transaction was a loan, the $13,315 paid to Remak on June 2, 1904, was money received, owned and paid out by the county, and the treasurer then in office was entitled to the commissions; but if that transaction was not a loan and the bank became the absolute owner by purchase of the Remak judgment, then the bank was merely substituted to Remak as a creditor of the county, and the Remak judgment was not in fact discharged until after the bonds were sold in April, 1905.

The trial judge filed no findings of fact, but we presume he reached the conclusion that the transaction referred to did not constitute a loan but a sale by which the bank was substituted for Remak as a creditor of the county, and there is testimony in the record to support that finding. Neither Remak nor any one connected with the bank gave testimony, and the only evidence bearing on the subject referred to was given by the county judge; and, while some of it tends to show that the transaction between the county and the bank was intended as a loan, he said: "Under these circumstances I called on the Rogers National Bank for help. It agreed to buy the judgment from Remak and pay him $13,315 in cash for it. Remak agreed to this, and on June 2, 1904, Gustavus Remak, Jr., sold and in writing transferred said judgment to the Rogers National Bank and the bank paid him in cash $13,315 for the same. The bank then became the owner of said judgment against the county."

The testimony quoted supports the finding that the transaction was not a loan but a purchase by the bank of the judgment.

This disposes of the controversy between Benefield and Erambert. The county has not appealed, and if it be true, as contended in appellant's brief, that Erambert was not entitled to judgment against the county because of his failure to present his claim to the Commissioners' Court before bringing suit be conceded, still no ground for reversal exists

°because the county is not complaining. If Benefield is not entitled to recover, it is immaterial to him whether or not error was committed as between Erambert and the county.

No reversible error has been shown, and the judgment is affirmed.

*Affirmed.*